IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUSTAVO DIAZ-SEVILLA | : | |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| | : | |
| WAL-MART STORES EAST, L.P. | : | |
| | : | NO. |
| Defendant | : | |

**COMPLAINT**

The Plaintiff, Gustavo Diaz-Sevilla, by and through his attorneys, Anzalone & Doyle Trial Lawyers, hereby complains against the Defendant, Wal Mart Stores East, L.P., averring in support thereof as follows:

**THE PARTIES**

1. The Plaintiff, Gustavo Diaz-Sevilla, is an adult individual who resides and is domiciled at 46 Liddon Street., Wilkes-Barre, Luzerne County, Pennsylvania 18705.

2. The Defendant, Wal-Mart Stores East, L.P. hereinafter referred to as "Wal-Mart", is a Delaware corporation with its principal office located at 702 S.W. 8th Street, Bentonville, Arkansas 72716-6209, and is a citizen of the State of Arkansas.

3. The Defendant, Wal-Mart, maintains significant contacts and regularly and continually conducts business in the Middle District of Pennsylvania, thereby making venue appropriate pursuant to 28 U.S.C.A. Section 139l(a).

4. The amount in controversy herein, exclusive of interest and costs, is in excess of the amount of seventy-five thousand dollars ($75,000.00) and the jurisdiction of this Court is based upon the diversity of citizenship, 28 U.S.C. Section 1332.

5. At all times relevant hereto, the Defendant, Wal-Mart, was in possession and control of a store known as Wilkes-Barre Supercenter located at 2150 Wilkes Barre Township Marketplace, Wilkes-Barre, Luzerne County, Pennsylvania, 18702.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the Defendant, Wal-Mart, because the Defendant, Wal-Mart, maintains significant contacts in the Middle District of Pennsylvania, and it continually and regularly conducts business in multiple counties in the Middle District of Pennsylvania thereby making venue in the Middle District of Pennsylvania proper pursuant to 28 U.S.C.A. § 1391(a).

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Additionally, venue is proper in the Middle District pursuant to 28 U.S.C.A. § 1391(b)(2) because the accident giving rise to this suit occurred in Wilkes-Barre, Luzerne County, which is in the Middle District of Pennsylvania.

## FACTS

9. On September 3, 2023, the aforementioned Wilkes-Barre Supercenter Wal-Mart store location was open to the public and the Plaintiff, Gustavo Diaz-Sevilla, was a business invitee.

10. On the aforementioned date, in the afternoon, the Plaintiff, Gustavo Diaz-Sevilla, was a business invitee at the Wal-Mart.

11. At that time, the Defendant's employees were tasked with corralling all shopping carts in the Defendant's parking lot and returning them to the interior of the store.

12. On the aforementioned date, when the Plaintiff was walking from his vehicle to the entrance of the store when the Defendant's employees suddenly and without warning, struck the Plaintiff's person with the numerous carts they were corralling and pushing towards the Defendant's store from the parking lot.

13. After the Defendant's employees struck the Plaintiff's person with the shopping carts, the force thrusted the Plaintiff forward and he was prevented from striking the ground by his daughter.

14. At all relevant times hereto, the Defendant's employees provided no warning to the Plaintiff that they was pushing the carts in his direction.

15. Upon information and belief, the Defendant's employees were not paying attention to the carts they were corralling and pushing back towards the Defendant's grocery store.

16. As a result of the Plaintiff's sudden impact due to the Defendant's employees striking his person with the shopping carts, the Plaintiff, Gustavo Diaz-Sevilla, suffered injuries that include, but are not limited to the following:

a) Low back injury; and

e) Neck injury;

17. As a result of the aforementioned injuries, the Plaintiff, Gustavo Diaz-Sevilla, has obtained medical care and treatment from various medical care providers for

which recovery is sought, and a claim for the same is hereby made.

18. The Plaintiff, Gustavo Diaz-Sevilla, has been informed, believes and therefore avers that his injuries are permanent in nature and will require future medical care and treatment and a claim for the same is hereby made.

19. As a further result of the injuries sustained when the Defendant's employees struck the Plaintiff's person with shopping carts, the Plaintiff, Gustavo Diaz-Sevilla, was rendered sore, sick, disable and sustained severe physical and mental pain as well as great discomfort, all of which required medical care and treatment as previously stated herein.

20. As a result of the subject matter incident wherein the Defendant's employees struck the Plaintiff's person, and the injuries the Plaintiff received therefrom, the Plaintiff, Gustavo Diaz-Sevilla, has sustained and will continue to sustain a loss of everyday pleasures and enjoyments of life, and a claim for the same is hereby made.

21. As a further result of the aforementioned injuries, the Plaintiff, Gustavo Diaz-Sevilla, has been unable to perform his activities of daily living and believes and therefore avers that he will be unable to perform these activities of daily living for an indefinite period of time into the future.

WHEREFORE, the Plaintiff, Gustavo Diaz-Sevilla, hereby demands judgment in his favor and against the Defendant, Wal-Mart Stores East, L.P. in an amount in excess of seventy-five thousand ($75,000.00) dollars.

**COUNT I - NEGLIGENCE**

**GUSTAVO DIAZ-SEVILLA V.**

**WAL-MART STORES EAST, L.P.**

22. The Plaintiff, Gustavo Diaz-Sevilla, incorporates by reference, paragraphs 1 through 21 as though the same were set forth fully at length herein.

23. At all times relevant herein, the Defendant, Wal-Mart Stores East, L.P. and its employees, agents, servants and/or workmen, were acting within the course and scope of their employment and/or agency, and had a responsibility and duty to clear the parking lot of the Wal-Mart Super Center in a controlled manner, and to avoid striking any business invitees, including the Plaintiff herein, with the carts.

24. The aforementioned incident and injuries sustained by the Plaintiff, Gustavo Diaz-Sevilla, were the direct result of the carelessness and negligence of the Defendant, Wal-Mart, its employees, agents, servants and/or workmen acting within the course and scope of their employment and/or agency, specifically at the Wal-Mart Super Center located at 2150 Wilkes Barre Township Marketplace, Wilkes-Barre, Luzerne County, Pennsylvania, 18702, which said negligence and carelessness consisted of the following:

a) In then and there failing to have the carts under proper control;

b) In then and there failing to take precaution to warn the Plaintiff that he was losing control of the carts he was attempting to corral;

c) In then and there failing to give any warnings of imminently striking the Plaintiff's person with the carts;

d) In then and there failing to instruct its employees, agents, servants and/or workmen to use a reasonably safe manner to remove shopping carts from the parking lot;

e) In then and there colliding with the Plaintiff's person while attempting to corral and push too many shopping carts at one time;

f) In then and there failing to implement and carry out policies regarding safe removal of shopping carts from the Defendant's parking lot; and,

g) In then and there disregarding the rights and safety of its business invitees, including the Plaintiff herein, and all other persons who lawfully upon the property.

WHEREFORE, the Plaintiff, Gustavo Diaz-Sevilla, hereby demands judgment in his favor and against the Defendant, Wal-Mart Stores East, L.P. in an amount in excess of seventy-five thousand ($75,000.00) dollars.

Respectfully submitted,

ANZALONE & DOYLE TRIAL LAWYERS

__/s/ Stephen T. Kopko____________
STEPEHN T. KOPKO, ESQUIRE
ID No. 312381
KELLY M. CIRAVOLO, ESQUIRE
ID No. 200565
Attorneys for Plaintiff

**VERIFICATION**

I, GUSTAVO DIAZ-SEVILLA, Plaintiff herein, certify that the statements contained in the foregoing Complaint are true and correct and are made subject to the penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities.

GUSTAVO DIAZ-SEVILLA